# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS ROTRUCK,**
**Claimant Below, Petitioner**

vs.)   **No. 16-1092** (BOR Appeal No. 2051314)
               (Claim No. 2011026616)

**WEST VIRGINIA UNIVERSITY - BOR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Rotruck, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University - BOR, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. Rotruck sustained as a result of his compensable injury. The claims administrator granted no additional permanent partial disability award on September 15, 2014. The Office of Judges affirmed the decision in its May 13, 2016, Order. The Order was affirmed by the Board of Review on October 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rotruck, a maintenance worker, injured his lower back, right hip, right leg, and right shoulder in the course of his employment when he fell while clearing ice off of sidewalks on February 1, 2011. A right shoulder x-ray taken on February 22, 2013, showed severe hypertrophic degenerative changes of the acromioclavicular joint. A right shoulder MRI performed on April 15, 2013, showed a two centimeter full thickness tear of the mid portion of the supraspinatus tendon as well as an extensive partial tear of the musculotendinous junction and distal portion of the supraspinatus tendon. There were also extensive degenerative changes of the acromioclavicular joint noted.

1

An operation summary from WVU Hospitals dated September 13, 2013, indicates Mr. Rotruck underwent a right shoulder arthroscopy, acromioplasty, and rotator cuff repair for the diagnoses of superior labral tear and rotator cuff tear. Surveillance video of Mr. Rotruck shot between January 31, 2014, and February 11, 2014, showed him using his right upper extremity in various manner while using various tools.

In a May 13, 2014, independent medical evaluation, Joseph Grady, M.D., noted the compensable conditions as right acromioclavicular joint sprain and lumbar sprain. He found that Mr. Rotruck had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he found 1% impairment for the right shoulder injury after deducting the previous award of 4%.

A May 29, 2014, progress report from WVU Hospitals details an incident during a May 20, 2014, procedure on Mr. Rotruck's left shoulder. He was getting onto the operating table, used his right arm, felt a pop in his right shoulder, and experienced pain. He woke from anesthesia with significant right shoulder pain. The claims administrator granted no additional permanent partial disability award on September 15, 2014.

A progress report from WVU Hospitals dated October 2, 2014, states that Mr. Rotruck had a right shoulder arthroscopy in September of 2013. He was having mild pain in that shoulder and an MRI was planned. However, his pain became significantly worse after he injured it moving onto the operating table during his left shoulder surgery. He has experienced increased pain since. He was diagnosed with right shoulder large recurrent rotator cuff tear which was found to be unrepairable due to its size.

On December 17, 2014, Bennett Orvik, M.D., performed an independent medical evaluation in which he noted that Mr. Rotruck returned to full duty on March 3, 2014. He had a prior right shoulder injury for which he received 4% permanent partial disability award. Dr. Orvik diagnosed right rotator cuff tear with residual range of motion abnormalities. Using the American Medical Association's *Guides*, Dr. Orvik assessed 10% impairment for the right shoulder. Subtracting the prior impairment, Dr. Orvik found that Mr. Rotruck has 6% impairment for the compensable injury.

In a February 1, 2016, physician review, Christopher Martin, M.D., found that Mr. Rotruck has experienced subsequent right shoulder injuries that he clearly relates to his worsening right shoulder function. The most recent MRI shows a large rotator cuff tear which had previously been repaired, raising the possibility that this new tear occurred during the left shoulder surgery when his pain worsened. Dr. Martin found no ratable impairment in the right shoulder. Dr. Martin stated that due to the large variations in range of motion measurements, range of motion cannot be used as a basis for formulating impairment in this case. He found that there are two explanations for the variations. First, it is possible that he reinjured his right shoulder during his left shoulder surgery, but since Dr. Bal's measurements were made after that injury, it was unlikely. His second explanation was that Mr. Rotruck is inconsistent in his presentation. Dr. Martin noted that he was surveilled and observed performing tasks that Dr. Martin did not believe Mr. Rotruck would be capable of given the described severity of his problems. Dr. Martin concluded that at the time Dr.

2

Grady performed his evaluation, there was no reason to doubt the consistency of his range of motion measurements.

The Office of Judges affirmed the claims administrator's grant of no additional permanent partial disability award on May 13, 2016. It found that Dr. Grady determined that Mr. Rotruck had 4% impairment in his right shoulder, but since he had previously received a 4% award, no further permanent partial disability was required. The only report of record that found a higher impairment rating was that of Dr. Orvik who assessed 10% impairment. His report was determined to be unreliable. The Office of Judges found that Mr. Rotruck injured his right shoulder on February 1, 2011, and underwent rotator cuff repair surgery on September 13, 2013. On May 20, 2014, during a procedure for the opposite shoulder, Mr. Rotruck attempted to lift himself onto the operating table, felt a pop in his right shoulder, and then felt immediate pain. An MRI taken of the right shoulder shortly after showed a large rotator cuff tear that, unlike the prior one, could not be repaired. The Office of Judges further determined that Mr. Rotruck was observed in surveillance video prior to the May 20, 2014, incident during surgery, which shows what he was capable of prior to that incident.

The Office of Judges found that the evidence of record indicates Mr. Rotruck sustained either a new, separate tear, or a tear of a different quality on May 20, 2014. Thus, he sustained a separate and distinct intervening event not related to the claim at hand which must be taken into consideration in determining a right shoulder impairment rating. The Office of Judges found that a review of Dr. Orvik's report shows it fails to mention the May 20, 2014, intervening incident. Therefore, his finding of 6% impairment was determined to be unreliable. Dr. Grady's report was found to be the most reliable of record. His examination occurred after the right rotator cuff was repaired on September 13, 2013, and before the intervening incident on May 20, 2014. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates Mr. Rotruck largely recovered from his compensable right shoulder injury and then sustained a separate, intervening injury to that shoulder. Dr. Orvik's evaluation was performed after the intervening event. Dr. Grady's was performed prior to it. His report is therefore more reliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum